1   Daniel W. Maguire (SBN 120002)
    E-mail: dmaguire@bwslaw.com
2   Nancy Jerian Marr (SBN 143248)
    E-mail: nmarr@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA  90071-2953
    Tel:  213.236.0600    Fax:  213.236.2700
5
    Attorneys for Plaintiff
6   Delaware Life Insurance Company

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  DELAWARE LIFE INSURANCE                Case No.
    COMPANY,
12                                         **COMPLAINT IN INTERPLEADER**
                  Plaintiff,
13
    v.
14
    CYNTHIA JANE CAREY, an individual;
15  CHRISTINE MARIE CAREY, an
    individual; JEFFERSON RICHARD
16  CAREY, an individual; and DOES 1 to 10,
    inclusive,
17
                  Defendants.
18

19

20      Plaintiff Delaware Life Insurance Company ("DELAWARE LIFE"), by way of Complaint

21  in Interpleader, alleges as follows:

22                        **JURISDICTION AND VENUE**

23      1.      This is an interpleader action of a civil nature over which this Court has original

24  jurisdiction pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335, in that diversity of

25  citizenship exists between at least two claimants and the controversy involves an annuity with

26  proceeds in excess of five hundred dollars ($500.00), exclusive of interest and costs.

27      2.      Venue is proper in this district because it is the judicial district in which one of the

28  Defendants resides or may be found.

**THE PARTIES**

3.     Plaintiff DELAWARE LIFE is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business in the Commonwealth of Massachusetts.  DELAWARE LIFE is authorized to do business and is lawfully doing business in the State of California.

4.     Defendant CYNTHIA JANE CAREY is an individual, and is a citizen and resident of the State of California, County of Santa Cruz.

5.     Defendant JEFFERSON RICHARD CAREY is an individual, and is a citizen and resident of the State of California, County of Tuolumne.

6.     Defendant CHRISTINE MARIE CAREY is an individual, and is a citizen and resident of the State of Missouri.

7.     The true names and capacities of DOES 1 through 10 are unknown to DELAWARE LIFE at this time.  When the identities of these individuals become known, DELAWARE LIFE will amend this Complaint to show such true names and capacities. DELAWARE LIFE is informed and believes and based thereon alleges that each of the DOE Defendants claims or may claim an interest in the proceeds of the annuity contract that is the subject of this Complaint.

**FACTS RELEVANT TO THE ANNUITY CONTRACT IN DISPUTE**

8.     Effective March 8, 1991, Keyport Life Insurance Company ("Keyport") issued to Patrick F. Carey, the ex-husband of CYNTHIA JANE CAREY and the father of CHRISTINE MARIE CAREY and JEFFERSON RICHARD CAREY, its Single Premium Deferred Annuity Contract No. KA00162812, naming Patrick F. Carey as Owner and Annuitant ("Annuity Contract"). In his application for the Annuity Contract, Patrick F. Carey named his daughter CHRISTINE MARIE CAREY and son JEFFERSON RICHARD CAREY as beneficiaries.

9.     On March 23, 1998, Patrick F. Carey submitted to Keyport a Partial Surrender Request form and a Request for Change of Beneficiary form.  He named his wife at the time, CYNTHIA JANE CAREY, as a primary beneficiary.

///

10. Effective December 31, 2003, Keyport merged with and into Sun Life Assurance Company of Canada (U.S.) ("Sun Life"), which subsequently changed its name to Delaware Life Insurance Company, effective July 31, 2014.

11. Patrick Carey died on January 28, 2017.

12. On February 17, 2017, DELAWARE LIFE sent a letter to CYNTHIA JANE CAREY advising her that as the designated beneficiary, she governed the disposition of the Contract and could choose either a Lump Sum or Annuitization.   DELAWARE LIFE also requested that she submit the following forms: (1) IRS W-9 form; (2) original certified death certificate; and (3) distribution at death option form.

13. On February 27, 2017, CHRISTINE MARIE CAREY wrote to DELAWARE LIFE contesting the beneficiary designation of the Annuity Contract.  She stated that CYNTHIA JANE CAREY was Patrick F. Carey's ex-spouse who physically and verbally assaulted Patrick F. Carey. She contested the designation and attached a copy of a Change in Beneficiary Form, undated and not signed, purporting to designate her and JEFFERSON RICHARD CAREY as primary beneficiaries to receive 50% each.  She requested that DELAWARE LIFE not release any funds to CYNTHIA JANE CAREY until a thorough investigation into the matter was conducted as it was her belief that Patrick F. Carey did not voluntarily list CYNTHIA JANE CAREY as beneficiary.

14. On March 14, 2017, DELAWARE LIFE wrote to CYNTHIA JANE CAREY, CHRISTINE MARIE CAREY and JEFFERSON RICHARD CAREY reiterating the chronology of events.  DELAWARE LIFE advised CHRISTINE MARIE CAREY that it had no record of receiving a beneficiary change form, signed by Patrick F. Carey, other than the form he submitted in 1998.  DELAWARE LIFE was now aware of the possibility of competing claims and was unable to determine the rightful beneficiary/ies. As a disinterested stakeholder, DELAWARE LIFE invited the parties to confer and reach an agreement on the distribution of the proceeds under the Contact.

///

///

15.     On April 26, 2017, DELAWARE LIFE advised the Defendants that it had not received information that the interested parties had reached a unanimous decision as to whom the proceeds should be paid.

16.     On May 23, 2017, CHRISTINE MARIE CAREY wrote to DELAWARE LIFE making a demand for the funds to be held on behalf of the Estate. She alleged that CYNTHIA JANE CAREY owed money to the Estate and was not entitled to the Annuity Contract proceeds. She again contested CYNTHIA JANE CAREY's designation as beneficiary and stated that Patrick F. Carey mailed the change of beneficiary form, which was either lost in the mail or intercepted by CYNTHIA JANE CAREY.  CHRISTINE MARIE CAREY demanded the funds be made payable to her father's Estate and sent to her father's Post Office Box.

17.     Based on CHRISTINE MARIE CAREY'S challenge to CYNTHIA JANE CAREY as beneficiary, DELAWARE LIFE placed a restriction on the Annuity Contract.

18.     To date, CYNTHIA JANE CAREY has not submitted the forms requested by DELAWARE LIFE.

## FIRST CAUSE OF ACTION FOR INTERPLEADER

19.     DELAWARE LIFE refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 18 above, as though fully set forth herein.

20.     DELAWARE LIFE has received adverse and conflicting claims to the Annuity Contract from or on behalf of CHRISTINE MARIE CAREY, JEFFERSON RICHARD CAREY, and CYNTHIA JANE CAREY.  As a result of these conflicting claims, DELAWARE LIFE is unable to discharge its liability under the Annuity Contract without potentially exposing itself to multiple liability or litigation or both.

21.     The proceeds of the Annuity Contract total $12,091.63.  DELAWARE LIFE will deposit $12,091.63 into the Court's registry, there to remain, pending the outcome of this action. DELAWARE LIFE claims no beneficial interest in the Annuity Contract.  It is a mere stakeholder of these proceeds.

///

///

22.   DELAWARE LIFE should not be compelled to become involved in the actual or potential disputes or contentions of Defendants, and Defendants should be ordered to litigate or otherwise settle among themselves without further involving DELAWARE LIFE.

23.   As a result of the conflicting claims to the proceeds of the Annuity Contract, DELAWARE LIFE has and will incur attorneys' fees and costs in bringing this interpleader action.  DELAWARE LIFE is entitled to recover its reasonable attorneys' fees and costs incurred in the filing and prosecution of this action.

WHEREFORE, DELAWARE LIFE prays judgment as follows:

1.   That the Court find it has jurisdiction over this matter and the parties under the Federal Interpleader Act, 28 U.S.C. § 1335;

2.   That the Court declare the rights and liabilities of the parties;

3.   That Defendants be restrained from instituting any action with respect to the Annuity Contracts against DELAWARE LIFE and all of the predecessor issuing companies, including Executive Life Insurance Company, Keystone Provident Life Insurance Company, Keyport Life Insurance Company, and Sun Life Assurance Company of Canada (U.S.);

4.   That Defendants be required to interplead and settle among themselves their respective rights under the Annuity Contract and that DELAWARE LIFE and all of the predecessor issuing companies, including Executive Life Insurance Company, Keystone Provident Life Insurance Company, Keyport Life Insurance Company, and Sun Life Assurance Company of Canada (U.S.), be discharged from all liability under the Annuity Contracts;

5.   That the Court award DELAWARE LIFE its actual costs and reasonable attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by DELAWARE LIFE with this Court;

6.   That DELAWARE LIFE be discharged and released from any and all further liability under the Annuity Contract as to each Defendant and any persons claiming by, through or under them, and that DELAWARE LIFE be dismissed with prejudice from all further proceedings in this action; and

///

1      7.     For such other and further relief as the Court deems just and proper.

2

3    DATED:  July 20, 2017                BURKE, WILLIAMS & SORENSEN, LLP

4

5                                         By:  *s/ Daniel W. Maguire*
                                               DANIEL W. MAGUIRE
6                                              NANCY JERIAN MARR
                                               Attorneys for Plaintiff
7                                              Delaware Life Insurance Company