UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CYNTHIA JANE CAREY, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-04104-SVK<br><br>**ORDER TO SHOW CAUSE REGARDING COURT'S SUBJECT MATTER JURISDICTION** |

Before the Court is Plaintiff's motion seeking permission to serve Defendant Cynthia Jane Carey by publication and seeking an extension of time to complete that service. ECF 16. In reviewing Plaintiff's motion, the Court notes a possible jurisdictional defect. Accordingly, the Court hereby ORDERS Plaintiff to show cause why the Court has subject matter jurisdiction over this case.

This is an interpleader action in which Plaintiff Delaware Life Insurance Company seeks to resolve competing claims the proceeds of a life insurance policy issued to Patrick F. Carey, who died on January 28, 2017. *See* ECF 1 at ¶ 11. Plaintiff invokes the Court's jurisdiction under the Federal Interpleader Act, 28 U.S.C. § 1335. *Id.* at ¶ 1. That statute gives district courts original jurisdiction over interpleader actions where (1) an amount of $500 or more is at stake, and (2) two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to the money. 28 U.S.C. § 1335(a).

According to the Complaint, the insurance proceeds at stake in this case total $12,091.63. ECF 1 at ¶ 21. This satisfies the amount in controversy requirement for a statutory interpleader action.

Plaintiff has received adverse and conflicting claims to the insurance proceeds from Patrick

Carey's children (Christine Marie Carey and Jefferson Richard Carey) and Patrick Carey's ex-wife (Cynthia Jane Carey). *Id.* at ¶ 20. According to the Complaint, Defendants Jefferson Carey and Cynthia Carey are citizens and residents of California, and Defendant Christine Carey is a citizen and resident of Missouri. *Id.* at ¶¶ 4-6. If correct, this would satisfy the minimal diversity requirements for a statutory interpleader action.

Plaintiff's recent motion regarding service of Cynthia Carey casts doubt as to whether two or more of the claimants are of diverse citizenship, however. Plaintiff served Defendant Christine Carey in California, not Missouri. ECF 11 (proof of service stating that summons was served on Christine Carey in Watsonville, California). Plaintiff's evidence concerning its unsuccessful attempts to serve Cynthia Carey also includes evidence that Christine Carey was found at a property in Watsonville, California on another occasion. ECF 16-3 at p. 16.

Accordingly, it appears that the claimants in this case may not meet the requirements for minimal diversity under 28 U.S.C. § 1335(a). By November 7, 2017, Plaintiff must show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. The Court will defer ruling on Plaintiff's motion relating to service of Cynthia Carey until the jurisdictional issue has been resolved.

**SO ORDERED.**

Dated: October 24, 2017

*[signature: Susan van Keulen]*

SUSAN VAN KEULEN
United States Magistrate Judge